NO. 07-11-00074-CR; 07-11-0075-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
10, 2011

 



 

JOSE ANGEL MARTINEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE CRIMINAL DISTRICT COURT
NO. 5 OF DALLAS COUNTY;

 

NO. F98-29599-L, F01-32449-K; HONORABLE CARTER THOMPSON, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER ON ABATEMENT AND REMAND

 

Appellant,
Jose Angel Martinez, appeals from the trial court’s determination to proceed to
adjudications of guilt for the offenses of aggravated assault with a deadly
weapon and sexual assault on a child.[1]  Appellant filed notice of appeal on November
22, 2010.  Thus, the appellate record was
due to be filed by December 27, 2010. 
Neither the clerk’s or reporter’s record was filed by this deadline nor
did the clerk or reporter request an extension of time to file the records.

On
February 17, 2011, by order of the Texas Supreme Court, this appeal was transferred
from the Fifth District Court of Appeals to this Court.  See Tex.
Gov’t Code
Ann. § 73.001 (West 2005).  By separate letters, both dated February 23,
2011, this Court notified the district clerk and official court reporter that
the appellate record in this case had been due to be filed no later than
December 27, 2010, and directed the clerk and reporter to advise this Court of
the status of the records on or before March 7, 2011.  We received the reporter’s record on March 7,
2011.  However, to date, we have neither
received the clerk’s record nor any response from the clerk to this Court’s
February 23, 2011 directive.  

Accordingly,
we now abate this appeal and remand the cause to the trial court for further
proceedings.  See Tex. R. App. P. 35.3(c).  Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the status of the preparation of the clerk’s record, and to enter any
order necessary under the present circumstances to ensure that the clerk’s
record is filed as soon as practicable.

The
trial court shall cause the hearing to be transcribed.  In addition, the trial court shall (1)
execute findings of fact and conclusions of law addressing the foregoing
issues, (2) cause a supplemental clerk=s record to be developed containing its findings of fact and
conclusions of law and any orders it may issue relating to this matter, and (3)
cause a reporter=s record to be developed transcribing
the evidence and arguments presented at the aforementioned hearing, if
any.  The trial court shall then file the
supplemental clerk=s record and any reporter=s record transcribing the hearing
with the clerk of this Court on or before April 7, 2011.  Should further time be needed by the trial
court to perform these tasks, same must be requested before April 7, 2011.

It is so
ordered.

Per Curiam

Do not publish.

 

            








 











[1] Because
no clerk’s record has been filed in this case, the identification of the
offenses for which appellant was convicted are as reflected in appellant’s
notice of appeal and docketing statement.